# January Term, 1925

## No. 10,810.

## PIGGOTT v. SCHACHET, ET AL.

Decided January 5, 1925. Rehearing denied February 2, 1925.

Will contest. Judgment for proponents.

*Affirmed.*

1. WILLS—*Contest—Undue Influence—Evidence.* In a will contest, testimony of undue influence to have any weight must be connected with direct or circumstantial evidence tending to prove that undue influence existed, and that it was exercised at or near the time the will was made.

2. *Contest—Undue Influence.* Undue influence cannot be inferred alone from motive or opportunity, there must also be some testimony, either direct or circumstantial, to show that undue influence not only existed, but that it was exercised with respect to the making of the will itself.

3. *Contest—Directed Verdict.* Evidence reviewed in a will contest, and the action of the trial court in directing a verdict for proponents approved.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. WILLIAM H. DICKSON, for plaintiff in error.

Mr. LAWRENCE LEWIS, Mr. BRYAN G. JOHNSON, Mr. CHESTER E. SMEDLEY, Mr. FRANCIS J. KNAUSS, for defendants in error.

*En banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

(434)

THE defendants in error, proponents, on May 12, 1922, presented to the county court for probate an instrument purporting to be the last will and testament of Bessie Piggott. This instrument was executed July 2, 1917. Bessie Piggott died May 9, 1922, leaving her brother Robert, plaintiff in error, surviving her. She left no other relatives.

The will made no provision for her brother, but wholly disinherited him. The contestant filed his caveat and objections to the probate of the will, the principal objection being that undue influence was used upon the testatrix, by the residuary legatees, Blake A. Pitcher, Emma Louise Goudy and Jacob Schachet, to induce and influence her to make the will leaving her property to them, and disinheriting her brother. The county court sustained the caveat and denied the probate of the will, whereupon an appeal was taken to the district court.

At the conclusion of contestant's evidence, the trial court sustained proponents' motion, and directed a verdict finding the instrument to be the last will and testament of Bessie Piggott. Judgment was entered on the verdict, ordering the will to be admitted to probate and record. To that judgment and order contestant has sued out this writ of error.

The only question presented for our consideration is whether the evidence produced by contestant was sufficient to require the court to submit the case to the jury.

We have examined with much care, all the evidence and all the facts and circumstances disclosed by the record, but we believe it can serve no useful purpose to detail the same here.

Contestant urges that under the rule established in the case of *Davis v. Davis,* 64 Colo. 62, 170 Pac. 208, the trial court was required to submit the case to the jury. The facts in that case are wholly unlike the facts here. In that case, at the date of the will, the testator was old, was broken in health, and had been given to strong drink for years. The court said that the evidence presented strong

circumstances tending to show undue influence exercised by his three children, with whom he lived, as related to the disposition of his property. This court in *Davis v. Davis, supra,* cited with approval *Blackman v. Edsall,* 17 Colo. App. 429, 68 Pac. 790, in which it was stated that evidence to show undue influence must be largely in effect circumstantial; that "Only general rules concerning the amount and character of evidence required to establish undue influence in the execution of a will can be laid down. As to what is sufficient must depend upon the facts and circumstances of each particular case." It was further said in the Davis Case, "If there is any substantial evidence tending to prove in favor of contestants all the facts necessary to make out their case, they are entitled to have the case go to the jury for a verdict on the merits."

*In the matter of the estate of Samuel Shell, Deceased,* 28 Colo. 167, 63 Pac. 413, 53 L. R. A. 387, 89 Am. St. Rep. 181, this Court said, that evidence in a case of this character in order to have any weight, "must be connected with direct or circumstantial evidence tending to prove that undue influence existed and that it was exercised at or near the time the will was made." It was also held in that case "that undue influence cannot be inferred alone from motive or opportunity, that there must also be some testimony, either direct or circumstantial, to show that undue influence not only existed, but that it was exercised with respect to the making of the will itself." This doctrine is recognized in the Davis Case.

We do not think the evidence in this case shows, nor can it be reasonably inferred therefrom, that any undue influence was exercised by either of the residuary legatees upon the testatrix with respect to the making of the will itself. It may be true that Schachet had the opportunity; that he may have possessed the motive, and undue influence may have existed, but recognizing and following the doctrine of the Shell Case, we cannot say that there is any substantial evidence that the undue influence, if it existed, was exercised with respect to the making of the will. There is no

evidence that any one of the residuary legatees ever had any talk with Bessie Piggott about the making of a will, or the disposition of her property in any way, nor that either of proponents knew that she contemplated making a will, or that they had any knowledge, until after her death, that she had made a will.

The evidence does no more than raise a suspicion or conjecture.  There is no evidence showing, or tending to show, that either of the residuary legatees made any false or fraudulent representations to testatrix which influenced her in the disposition of her property or the making of the will.  The will was executed about five years before the death of testatrix.  At the time of its execution she was about forty years of age, was in good health, possessed of a vigorous mentality, and apparently was under no restraint.  It was dictated by Mr. Heckendorf, Miss Piggott's attorney, in his office, and at the time of the execution of the will the only persons present were the testatrix, Mr. Heckendorf, the attesting witnesses, and the stenographer.

Reports concerning Robert had come to her from persons other than Schachet.  She had made inquiries of several persons concerning his conduct, and had apparently become satisfied that she had done Robert an injustice.  She had ample time in which to make a new will had she so desired. She claimed that Robert had not been loyal to her and had spoken insultingly to her; that she and her brother had had trouble over their mother's estate; that she had no use for Robert's wife, and that she would like to do something for him but would not because of his wife.  In these circumstances we think the judgment of the lower court was right and should be affirmed.